```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


GLORIA BEAMON                                          PLAINTIFF

VS.                         CIVIL ACTION NO. 5:05-cv-72(DCB)(JMR)

TRIAD FINANCIAL CORPORATION;
AND THAMES AUTOPLEX, INC.                             DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Triad Corporation's motion to refer this case to U.S. Bankruptcy Court **(docket entry 6)** and on the plaintiff Gloria Beamon's motion to remand **(docket entry 2)**. Having reviewed the motions and responses, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On April 1, 2005, the plaintiff filed a state court action in the Circuit Court of Warren County, Mississippi, against Thames Autoplex, Inc. ("Thames"), and Triad Financial Corporation ("Triad"). The plaintiff Gloria Beamon is an adult resident citizen of Bolivar County, Mississippi. Defendant Thames is a corporation incorporated under the laws of the State of Mississippi and is licensed to do business in the State of Mississippi. Defendant Triad Financial Corporation is a foreign corporation and non-resident of Mississippi for jurisdictional purposes.

On May 16, 2005, Triad filed a notice of removal to this Court, asserting the following grounds for removal jurisdiction:

(1) that federal question jurisdiction exists because Thames Autoplex, Inc. ("Thames") is currently in Chapter 7 bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of Mississippi, and the plaintiff's claims against Thames and, by virtue of an indemnity agreement, against Triad, constitute "core proceedings" against the bankruptcy estate and/or are "related to" the bankruptcy proceeding;

(2) that federal question jurisdiction exists because the complaint seeks to recover damages allegedly incurred by the plaintiff as a result of the defendants' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.;

(3) that diversity jurisdiction exists because although the plaintiff is a resident of Mississippi and defendant Thames is a Mississippi corporation with its principal place of business in Mississippi, Thames has been "'fraudulently' or 'improperly' joined in this action."  See Notice of Removal, ¶¶ 3-5.

The removing party has the burden of proving fraudulent joinder.  Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  To establish fraudulent joinder, Triad must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court."  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181

2

F.3d 694, 698 (5th Cir. 1999)).

In Travis, the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The Travis court held:

> [T]he court determines whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (emphasis in original)(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

The plaintiff's complaint seeks damages for fraud, misrepresentation, civil conspiracy, unjust enrichment, breach of contract, breach of fiduciary duty, violation of Mississippi Consumer Protection, negligence, negligent hiring and/or retention, gross negligence and reckless conduct. Complaint, p. 2. Triad does not offer any argument that there is no reasonable possibility of recovery against Thames, the non-resident defendant. Nor does Triad offer any argument in favor of a finding of misjoinder of claims. The Court therefore finds that there is not complete diversity of citizenship.

As for federal question jurisdiction, Triad claims that the plaintiff's complaint implicates the Equal Credit Opportunity Act

3

("ECOA"), 15 U.S.C. § 1691 et seq.[1]  Nowhere in the complaint does the plaintiff assert a claim under the ECOA.  Under her claim for fraud, however, she includes the following:

> The unfair and deceptive scheme employed by Triad Financial Corporation resulted in other customers of equal credit standing as Plaintiff financing the same or similar automobiles for the same number of months and paying the same or similar down payment through Triad Financial Corporation on the same date, but at lower rates.  The unfair and deceptive scheme employed by Triad Financial Corporation caused Plaintiff and others like them [sic] to pay higher rates for reasons other than their credit worthiness.  The unfair and deceptive scheme resulted in the rate being determined by the customer's sophistication level, the customer's level of trust, the gender bias of the financing agent, the shrewdness of the financing agent, and various other unfair factors.

Complaint, ¶ 20.  The plaintiff asserts, however, that she is not bringing any claims under federal law and that all her claims are based solely on state law.  Motion to Remand, p. 1.

Triad argues that this Court's ruling in Banks v. Mitsubishi Motor Credit of America, Inc., No. 5:02cv660 (S.D. Miss. Sept. 26, 2003), denying the plaintiffs' motion to remand because they asserted claims under the ECOA, is applicable here.  However, in Banks the plaintiffs' complaint clearly stated that it "set forth a claim against the Defendants for violation of ECOA in that the lending practices of the Defendants have a disparate impact on African-Americans."  Banks, slip op. at 2-3.  The complaint further

---

[1] Although Triad's Notice of Removal alleges that the plaintiff's complaint also implicates the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., this argument is not advanced in Triad's response to the motion to remand and is thus waived.

alleged that all three defendants were creditors under the ECOA, subject to the ECOA's broad prohibition against discrimination, and that the defendants specifically targeted the African-American market with discriminatory pricing and other discriminatory practices. Id. at 3. Thus, the claims in Banks are not "like those alleged herein" (Triad's Memorandum, p. 14), rather, as Triad admits, Beamon's "Complaint does not expressly assert that the Plaintiff's claims are being brought under federal law." (Id.).

The case sub judice is more closely analogous to Adams v. General Motors Acceptance Corporation, 307 F.Supp.2d 812 (N.D. Miss. 2004). The plaintiffs in that case were also seeking recovery for fraud allegedly committed by the defendants in the course of automobile financing transactions. Included in the complaint were allegations that the defendants "conspired to defraud African-American plaintiffs by charging them even higher rates than those charged to similarly-situated white applicants, without informing them that they were being charged higher rates." Id. at 815. After removal to federal court, the plaintiffs argued in their motion to remand that they were seeking recovery solely under state law. The district court found that the defendants' argument that the plaintiffs' complaint implicated the ECOA so as to give rise to federal question jurisdiction was without merit. Id. The district court further held:

> It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a

5

> federal question is presented on the face of plaintiff's properly pleaded complaint." Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., Inc., 271 F.3d 186, 188 (5th Cir. 2001)(quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001).

Id. at 815-16.

"If an area of the law is completely pre-empted by federal law, the artful pleading doctrine may apply." Id. at 816. "However, the United States Supreme Court has found complete preemption, and thus the artful pleading doctrine, to exist only in the limited areas of federal labor relations law, certain ERISA cases, and usury claims against national banks." Id. (citing Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362, 367 (5th Cir. 1995); Beneficial Nat. Bank v. Anderson, 539 U.S. 1 (2003)). "Outside of these limited areas, a plaintiff is free to seek recovery solely under state law, and defendants may not seek to transform these claims into federal ones through the artful pleading doctrine." Id. The Adams court added:

> In asserting that jurisdiction exists, defendants stress that Mississippi law provides no cause of action for race discrimination, and they thus argue that plaintiffs' claims must necessarily be regarded as federal claims. However, in Waste Control Specialists, LLC v. Envirocare of Tex., 199 F.3d 781, 783 (5th Cir. 2000), the Fifth Circuit held that the fact that a plaintiff asserted state law antitrust claims which were allegedly not viable did not serve to transform those claims into federal antitrust claims. Indeed, the Fifth Circuit held that the district court lacked the

6

>     jurisdiction even to consider whether those state law
>     claims were viable, considering the absence of complete
>     preemption in the antitrust context.  Id. at 784.

Id. at 816-17.

To establish that the plaintiff's claims involve the resolution of a substantial question of federal law, Triad must show that: (1) a federal right is an essential element of the plaintiff's state-law claims; (2) interpretation of the federal right is necessary to resolve the case; and (3) the question of federal law is substantial.  Howery v. Allstate Ins. Co., 169 F.3d 912, 918 (5th Cir. 2001).

No issues of federal law appear on the face of the plaintiff's complaint.  Triad has failed to show that a substantial question of federal law is a necessary element of any of the plaintiff's well-pleaded state-law claims.  Triad has not demonstrated that the plaintiff must invoke the ECOA in order to succeed in any of her state-law claims, or how the interpretation of any federal right is necessary to the resolution of this case.  Therefore, the Court concludes that Triad has failed to establish that the plaintiff's claims involve a substantial question of federal law.

This leaves Triad's argument that federal question jurisdiction exists by virtue of the Thames bankruptcy proceeding.  Under 28 U.S.C. § 1334(b), the district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  In

Matter of Wood, 825 F.2d 90 (5th Cir. 1987), the Fifth Circuit Court of Appeals stated that the term "arising under" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11." Id. at 96. The term "arising in" refers "to those 'administrative' matters that arise only in bankruptcy cases." Id. at 97.

These terms are "helpful indicators" of the meaning of "core proceedings," a term left undefined by the statute. Id. As the Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

Id. at 97.

As set forth above, the plaintiff's complaint seeks damages exclusively under state law. Clearly, the plaintiff's claims do not represent "core proceedings" in the Thames bankruptcy case. This action is not a proceeding that could arise only in the context of a bankruptcy. It is a suit, premised entirely on state law, that could have proceeded in state court had there been no bankruptcy. "[C]ontroversies that do not depend on the bankruptcy

laws for their existence – suits that could proceed in another court even in the absence of bankruptcy – are not core proceedings." Id. at 96.

Triad also asserts that the plaintiff's claims are "related to" the Thames bankruptcy proceeding, as a recovery could conceivably have an effect on the estate. Triad is correct in its assertion that this Court has jurisdiction over this action pursuant to § 1334(b).  However, Triad is incorrect in its contention that abstention is inappropriate in this case.

Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, <u>related to a case under title 11 but not arising under title 11 or arising in a case under title 11</u>, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court <u>shall abstain</u> from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added).

The following criteria must be satisfied to be entitled to mandatory abstention pursuant to Section 1334(c)(2):

(1) the plaintiff must "timely" have brought her motion for abstention; (2) the action must be based on state law claims; (3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be Section 1334; (5) there must be an action "commenced in state court; and (6) the action

9

must be capable of being "timely adjudicated" in the state court. Technology Outsource Solutions, LLC v. ENI Technology, Inc., 2003 WL 252141 at * 4 (W.D. N.Y. 2003), citing Channel Bell Associates v. W.R. Grace & Co., 1992 WL 232085 at *5 (S.D. N.Y. 1992); see also O'Rourke v. Cairns, 129 B.R. 87, 90 (E.D. La. 1991); Rupp & Bowman Co. v. Schuster, 109 F.3d 237, 239 (5th Cir. 1997); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999).

This case clearly satisfies requirements (2) through (6). The plaintiff's claims are all brought pursuant to state law. The claims do not arise in a case under title 11, but are instead merely "related to" a bankruptcy proceeding. There is no independent basis for jurisdiction other than § 1334(b) because the plaintiff is not alleging a federal question claim. This action was first commenced and, therefore, already established in state court. Finally, there is no reason the matter could not be adjudicated in a timely manner in state court.

As for requirement (1), a "timely" motion for abstention, the Court finds that the plaintiff's motion to remand, filed approximately two weeks after removal, satisfies this requirement. Although the plaintiff's motion does not specifically seek abstention, abstention is a limitation on removal that cannot be ignored and must be addressed by the Court upon a motion to remand. As the United States District Court for the Eastern District of

10

California held in <u>In re Marathon Home Loans</u>, 96 B.R. 296 (E.D. Cal. 1989):

> Although [the plaintiff] has not specifically moved for abstention, mandatory abstention nevertheless is a limit on removal that cannot be ignored. Her motion for remand fairly puts the concepts underlying abstention in issue. Indeed, Professor Moore's observation that provisions for abstention "should go far to preclude abuse that might otherwise arise from bankruptcy removal" suggests that courts should routinely bear in mind the limits suggested by abstention when deciding remand questions. 1A Moore & B. Ringle, Moore's Federal Practice ¶ 0.171.

<u>Id</u>. at 301; <u>see also</u> <u>Asher v. Blue Diamond Coal Co.</u>, 2005 WL 1324966 *2 (E.D. Ky. June 2, 2005)(motion to remand satisfies requirement of motion for abstention).

As further grounds for remand, the Court finds that even if the plaintiff did not file a timely motion for abstention and if abstention were not mandatory, discretionary abstention is called for pursuant to § 1334(c)(1), since this case presents only state law issues, and there is no obvious impediment to timely adjudication in state court. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11.

Applying the factors adopted in <u>Searcy v. Knostman</u>, 155 B.R. 699, 710 (S.D. Miss. 1993), a number of which relate to the presence, predominance and difficulty of resolving state law issues, as well as proper respect for the role of state courts in addressing and

11

deciding issues of state law, the Court concludes that even if abstention were not mandatory in this case, discretionary abstention is warranted.

Triad argues that the plaintiff filed her complaint in state court in violation of the automatic stay, and is therefore not entitled to discretionary abstention. Triad's Memorandum, p. 11. In support of its argument, Triad cites In re Baldwin-United Corp., 52 B.R. 541 (Bankr. S.D. Ohio 1985). In that case, the bankruptcy court held: "Since actions taken in violation of [the automatic] stay are void ab initio (In re Thacker, 24 B.R. 835 (Bankr. S.D. Ohio 1982), the California action must be treated as though it were never commenced." Id. at 548.

This is not the law in the Fifth Circuit. As the district court for the Middle District of Louisiana has explained:

> While the bankruptcy court ruled that the suit plaintiffs filed in violation of the automatic stay was void ab initio, the law of the Fifth Circuit compels a different conclusion. In Sikes v. Global Marine, Inc., 881 F.2d 176 (5th Cir. 1989), the Fifth Circuit held that acts taken in violation of the automatic stay are voidable rather than void. Id. at 178. The distinction between the terms "voidable" and "void" arises in the "curability" of the acts. Id. Acts which are merely "voidable" are capable of discretionary cure. Id. Thus, the Fifth Circuit recognizes that a bankruptcy court may "cure" the violation of the automatic stay by lifting, altering or modifying the automatic stay. If the stay is lifted, the original filing is validated since the bankruptcy court's intent is to allow the claims to proceed to judgment. Id. at 179.

Harris v. Pettibone Corp., 142 B.R. 763, 765 (M.D. La. 1992). Thus, while the plaintiff must still obtain relief from the

automatic stay from the bankruptcy court before proceeding against Thames in state court, this does not prevent this Court from exercising discretionary abstention and remanding the case in its entirety.  See Whitney National Bank v. Bunch, 2001 WL 87443 (E.D. La. Jan. 30, 2001)(granting discretionary abstention and remand though automatic stay had not been lifted); In re Browner, 2005 WL 345560 (Bankr. S.D. Iowa Dec. 12, 2005)(same).

The Court therefore finds that the plaintiff's motion to remand is well taken.  Accordingly,

IT IS HEREBY ORDERED that defendant Triad Corporation's motion to refer this case to U.S. Bankruptcy Court **(docket entry 6)** is DENIED;

FURTHER ORDERED that the plaintiff's motion to remand **(docket entry 3)** is GRANTED;

FURTHER ORDERED that an Order of Remand, remanding this action to the Circuit Court of Warren County, Mississippi, shall be entered of even date herewith.

SO ORDERED, this the   22nd   day of March, 2006.


                                    s/David Bramlette
                                UNITED STATES DISTRICT JUDGE